IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARILEE M. LAUX**, individually and as personal representative for the estate of **RONALD K. LAUX**,<br><br>    Plaintiff,<br><br>    v.<br><br>**AKEBONO BRAKE INDUSTRY CO., LTD.,** et al.,<br><br>    Defendants. | Case No. 3:15-cv-0585-PK<br><br>ORDER |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on June 2, 2015. Dkt. 32 (hereinafter "F&R"). Judge Papak recommended that Plaintiff's motion to remand to state court be granted and that Defendants' motion to dismiss for lack of jurisdiction be denied as moot.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed

PAGE 1 – ORDER

findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants timely filed an objection, Dkt. 36, to which Plaintiff Marilee Laux ("Laux") responded. Dkt. 38. Defendants argue that this matter was properly removed to federal court and object to Judge Papak's recommendation that it be remanded to state court. The Court reviews the F&R *de novo* and adopts it as supplemented below.

## BACKGROUND

This case was first filed in Multnomah County Circuit Court on April 30, 2014. At that time, Ronald K. Laux was alive, albeit dying of malignant pleural mesothelioma. Mr. Laux named as defendants several Japanese corporations, their American subsidiaries, and other domestic defendants, including one Oregon corporation, JCOFS, Inc. In an effort to expedite resolution of the case before his death, Mr. Laux attempted to serve process on the Japanese defendants through their domestic subsidiaries.

In November 2014, three events coincided to create the conditions for the current posture of this case. On November 10, the state court granted summary judgment in favor of JCOFS, Inc., and dismissed it from the case. On November 17, Mr. Laux died. And on November 21, the state court held that service of process on the Japanese defendants was inadequate.

Upon being appointed the personal representative of her husband's estate, Laux amended her complaint to include a new claim for wrongful death. Laux's amended complaint appropriately reflected the present status of the case and did not name JCOFS, Inc., as a defendant. On its face, therefore, it was completely diverse. Pursuant to the November 21 state-court order, the amended complaint was served on the Japanese defendants through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 164. Upon being properly served with the amended pleading, Akebono Brake Industry Co, Ltd. ("ABIC") removed the case to federal court.

Plaintiff moved to remand, arguing that because the dismissal of JCOFS, Inc. was not a voluntary act of Plaintiff, the case was not properly removable. *See Self v. General Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978) (articulating the "voluntary–involuntary" rule). In response, Defendants argued that because ABIC had been formally served only with the amended complaint, which was completely diverse on its face, it was entitled to remove the case under 28 U.S.C. § 1446(b)(1). Defendants further argued that in any event, Plaintiff's amended complaint differed so greatly from the original complaint that it constituted a voluntary act. Judge Papak held that the voluntary–involuntary rule applies to removals under 28 U.S.C. § 1446(b)(1) and that Laux's amended complaint did not constitute a voluntary act.

## DISCUSSION

The gist of the voluntary–involuntary rule is that "a suit which is non-removable when first filed in state court can only become removable by a voluntary act of the plaintiff." F&R at 5. Judge Papak held that this rule applies as much to removals under § 1446(b)(1) as to removals under § 1446(b)(3). The Court adopts that holding without reservation. Further, § 1446(b)(1) permits a defendant to remove a case within 30 days of being served with an "initial pleading"

PAGE 3 – ORDER

that is removable. Section 1446(b)(3), by contrast, applies when "the case stated by the initial pleading is not removable." It permits a defendant to remove after being served with an "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." Thus, quite apart from Defendants' arguments under § 1446(b)(1), ABIC's notice of removal appears to fit most comfortably into the plain language of § 1446(b)(3). And there is no doubt that the voluntary–involuntary rule applies to removals under § 1446(b)(3).

The Japanese defendants object that relying upon any pleading filed before the amended complaint violates their right to procedural due process and that the Court should look only to the first complaint with which they were properly served. In support, the Japanese defendants cite *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999), for the proposition that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." In that case, the defendant informally received a copy of the complaint 14 days before formal service of process, and the issue was whether the clock for filing a notice of removal began to run at the earlier event or the later one. The Supreme Court, following longstanding principles of procedural due process, held that an entity "is required to take action in [the capacity of a party]" only upon formal service of process. *Id.*

The instant case, however, does not concern the imposition of a requirement. The only issue is the proper application of the removal statute. The Supreme Court has been clear that the removability of a case is a formalistic determination that depends only upon the plaintiff's pleadings. *See Great Northern Ry. v. Alexander*, 246 U.S. 276, 281-82 (1918) ("[W]hether . . . a case non-removable when commenced shall afterwards become removable depends . . . solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case . . . ."); *see also Self*, 588 F.2d at 659 ("[T]he determination of whether federal subject-

PAGE 4 – ORDER

matter jurisdiction exists depends only upon plaintiff's complaint and the context in which it is found."). For the reasons explained in the F&R, no voluntary action of the plaintiff in this case permitted removal by Defendants.

The Court ADOPTS Judge Papak's Findings and Recommendation (Dkt. 32), as supplemented herein. Plaintiff's motion to remand (Dkt. 14) is GRANTED and ABIC's motion to dismiss for lack of jurisdiction (Dkt. 3) is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 25th day of August, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 5 – ORDER